1  MOONAZZA S. NAQVI, ESQ. (SBN 267384)
2  mnaqvi@cair.com
   PATRICIA C. SHNELL, ESQ. (SBN 316183)
3  pshnell@cair.com
4  COUNCIL ON AMERICAN-ISLAMIC RELATIONS-CA
   2180 West Crescent Ave., Ste. F
5  Anaheim, California 92801
   Tel. (714) 776-1177 | Fax (714) 776-8340
6  *Attorneys for Plaintiff*
7
                    UNITED STATES DISTRICT COURT
8
                  CENTRAL DISTRICT OF CALIFORNIA
9
10  MOHAMED GIBANI,                    ) Case No. 5:19-cv-1009
                                       )
11          Plaintiff,                 ) **MOTION FOR THE RETURN**
                                       ) **OF PROPERTY PER FEDERAL**
12      vs.                            ) **RULE OF CRIMINAL**
                                       ) **PROCEDURE 41(g)**
13                                     )
    WILLIAM P. BARR, in his official   )
14  capacity as Attorney General of the )
    UNITED STATES DEPARTMENT OF        )
15  JUSTICE,                           )
                                       )
16                                     )
    CHRISTOPHER WRAY in his official   )
17  capacity as Director of the FEDERAL )
18  BUREAU OF INVESTIGATION,           )
                                       )
19  NICOLA T. HARRIS, in his official  )
20  capacity as Acting U.S. ATTORNEY,  )
                                       )
21                                     )
    PATRICK R. FITZGERALD, in his      )
22  official capacity as Assistant U.S. )
23  Attorney, Chief of NATIONAL        )
    SECURITY DIVISION,                 )
24                                     )
25                                     )
    MARK TAKLA, in his official capacity )
26  as Assistant U.S. ATTORNEY         )
                                       )
27          Defendants.                )
                                       
28

                                    1

## I.   **BACKGROUND & STATEMENT OF FACTS**

This is a motion pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure seeking the return of all belongings that Defendant U.S. Federal Bureau of Investigations ("FBI") and its agents and employees seized from Plaintiff Mohamed Gibani ("Plaintiff"). The original warrant allowing Defendants to hold this property has elapsed. The continued retention of Plaintiff's property without an extended warrant or even a statement of interest in the property from Defendants harms Plaintiff's interest in his property.

On March 22, 2017, Plaintiff's rental property, located at 9765 Walnut Court, Rancho Cucamonga, CA, was raided by the FBI. *See* Declaration of Mohamed Gibani ("Gibani Decl.") ¶¶ 2-3. At this time, pursuant to a valid warrant, a number of valuable electronic devices and other personal property were seized by FBI officers. *See* Gibani Decl. ¶ 3. According to the terms of the warrant, the FBI was entitled to hold this property for up to 180 days from the date of the execution of the warrant to complete their search of the items. On September 24, 2017, after this time had elapsed, Plaintiff wrote to Assistant United States Attorney Mark Takla requesting the return of his possessions. *See* Gibani Letter, attached as "Exhibit ('Ex.') 1". Mr. Takla replied on behalf of the Department of Justice in a letter dated October 5, 2017, and informed Plaintiff that on September 13, 2018, the Court granted a 180-day extension of the warrant. *See* Order Allowing Extension of Time within which to Retain and Search Digital Evidence, attached as "Ex. 2". By Mr. Takla's own admission, the Court

MOTION FOR THE RETURN OF PROPERTY PER FEDERAL RULE OF CRIMINAL PROCEDURE 41(g)

granted authority to continue to hold Plaintiff's possessions for 180 days "beyond the time period previously authorized," a period which expired March 17, 2018. *Id*. at p. 1. According to the extension order, the Department of Justice continues to possess the following items:

      1.1.    Apple iPad Serial #DMPHC944DVD2;

      1.2.    Apple iPod Serial #YM911LJV2ME;

      1.3.    Lenovo Laptop Serial #YB06728002;

      1.4.    Apple iPhone IMEI #359306063303794;

      1.5.    Samsung Phone IMEI #990005877292939;

      1.6.    Samsung Phone IMEI #356567051586178;

      1.7.    Sony Audio Recorder;

      1.8.    Apple Laptop Serial #C02J6HA2DRVC;

      1.9.    Samsung Tablet Serial #R31D51F3ECB;

      1.10.  Samsung Phone IMEI #3534110659315514;

      1.11.  Samsung Tablet Serial #R52J103TOEF;

      1.12.  Digital Photo Frame;

      1.13.  Apple iPhone IMEI #579C-E3946A;

      1.14.  Apple iPhone IMEI #353324070722134;

      1.15.  Samsung Camera with MicroSD Card;

      1.16.  Smartmedia Drives (three);

      1.17.  Blackberry Tablet Serial #1345-4231-7959;

1.18.  HP 32gb USB 3.0;

1.19.  Sony Cybershot Camera with 32mb card;

1.20.  Miscellaneous Cell Phones (Nine);

1.21.  Dell Laptop Serial #8ZYQPR1;

1.22.  Apple iPhone Serial #C6KQC117GRXQ;

1.23.  Apple iPhone;

1.24.  Toshiba Laptop Serial #77457860k;

1.25.  HP Laptop Serial #CNF9508YHG;

1.26.  Samsung Phone IMEI #353920060649169;

1.27.  VHS, Audio Cassette Tape, VHS-C, MINIDV Tape; and

1.28.  Approximately 21 CD/DVDs.

*Id*. at pp. 1-2.

On November 19, 2018, CAIR-LA wrote Mr. Takla on behalf of Plaintiff, noting the expiration of the warrant and requesting Plaintiff's items be immediately returned to him. *See* CAIR-LA Letter, attached as "Ex. 3". Plaintiff has not received any response to this request. *See* Gibani Decl. ¶ 9. To this day there has been no notice given as to why Plaintiff's property has not been returned, and Defendants continue to unlawfully deprive Plaintiff of his property without either articulating a valid rationale for the continued retention of his property, or producing a warrant extension. Therefore, Plaintiff asks this Court to order Defendants to return his property and disclose any information about the basis for the continued inappropriate retention of

his property.

## II.   ARGUMENT

Plaintiff relies on the equitable principles embodied by Rule 41(g) to argue for the return of his seized property. The continued deprivation of Plaintiff's property without the government providing any rationale for its continued retention leads to a presumption of the right of Plaintiff to have his items returned. The Court should therefore order the government to return Plaintiff's personal property.

### a.  The Court Should Order the Government to Immediately Return Plaintiff's Property

Federal Rule of Criminal Procedure, Rule 41(g) provides as follows:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Accordingly, "[Rule 41(g)] provides a mechanism by which a person may seek to recover property seized by federal agents." *See Ordonez v. United States*, 680 F.3d 1135, 1137 (9th Cir. 2012).

Motions under Rule 41(g) are equitable in nature, so a court must account for all equitable considerations. *United States v. Martinson*, 809 F.2d 1364, 1367 (9th Cir. 1987). "A Rule 41(g) motion is an equitable remedy that is available only when there is no adequate remedy at law and the equities favor the exercise of jurisdiction." *De Almeida v. United States,* 459 F.3d 377, 382 (2d Cir. 2006). The

movant has the burden of demonstrating that "(1) he is entitled to lawful possession of the seized property; (2) the property is not contraband: and (3) either the seizure was illegal or the government's need for the property as evidence has ended." *United States v. Van Cauwenberghe,* 827 F.2d 424, 433 (9th Cir. 1987). But after there is no longer an evidentiary need for the item seized, "[t]he person from whom the property is seized is ***presumed*** to have a right to its return, and the government has the burden of demonstrating that it has a legitimate reason to retain the property." *United States v. Martinson,* 809 F.2d 1364, 1369 (9th Cir. 1987) [emphasis added].

Plaintiff is plainly able to meet these requirements and is therefore entitled to the return of his property pursuant to Rule 41(g). Firstly, Plaintiff's lawful possession of the seized property has never been questioned. Plaintiff is the legal owner of, and has possessory interest in, the seized property. Moreover, Plaintiff is injured by the continued deprivation of his electronics, which represent a significant loss of monetary value and an inconvenience to him and his family. Secondly, the electronics are not, nor were they ever alleged to be, contraband. Finally, the government has failed to articulate a valid rationale for their continued retention of Plaintiff's property. Notably, there have been no criminal proceedings initiated against Plaintiff, nor has he been given any notice that criminal proceedings were at any time considered. Thus, Plaintiff must be presumed to have a right to the return of his property.

///

///

MOTION FOR THE RETURN OF PROPERTY PER FEDERAL RULE OF CRIMINAL PROCEDURE 41(g)

### III. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff Mohamed Gibani respectfully requests this Court to grant this motion and order the Defendants to return his personal property.

Dated: _____         COUNCIL ON AMERICAN-ISLAMIC
[Anaheim, California]       RELATIONS, CALIFORNIA (CAIR-CA)

Respectfully submitted,


By:    /S/ Patricia Shnell
        PATRICIA SHNELL
        Pshnell@cair.com
        2180 W. Crescent Ave. Ste. F
        Anaheim, CA 92801
        714-776-1177

        Attorney for Plaintiff

MOTION FOR THE RETURN OF PROPERTY PER FEDERAL RULE OF CRIMINAL PROCEDURE 41(g)