PATRICIA C. SHNELL, ESQ. (SBN 316183)
pshnell@cair.com
COUNCIL ON AMERICAN-ISLAMIC RELATIONS-CA
2180 West Crescent Ave., Ste. F
Anaheim, California 92801
Tel. (714) 776-1177 | Fax (657) 208-2842
*Attorney for Movant*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMED GIBANI,<br><br>    Movant,<br><br>  vs.<br><br>WILLIAM P. BARR, et al.,<br><br>    Defendants. | Case No. 5:19-cv-1009-JGB (KKx)<br><br>**REPLY TO GOVERNMENT'S OPPOSITION TO MOVANT'S MOTION TO RETURN PROPERTY**<br><br>Judge Jesus G. Bernal<br>Motion date: October 21, 2019<br>Time: 9:00 AM |

## I.   Introduction

On May 31, 2019, Movant Mohamed Gibani ("Movant") brought a motion pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure seeking the return of all belongings that Defendant U.S. Federal Bureau of Investigations ("FBI") and its agents and employees seized from Movant on March 22, 2017. As the motion noted, the original warrant allowing Defendants to hold Movant's property has elapsed, and Defendants have failed to obtain the appropriate authority or warrant to continue to hold Movant's property.

1

In response to Movant's motion, Defendants returned some items to Movant on August 20, 2019. However, despite having no legal authority which permits them to do so, Defendants continue to hold the following items in their custody, each of which Movant has an interest in:

1. Apple iPod Serial #YM911LJV2ME;
2. Lenovo Laptop Serial #YB06728002;
3. Apple iPhone IMEI #359306063303794;
4. Samsung Phone IMEI #990005877292939;
5. Apple Laptop Serial #C02J6HA2DRVC;
6. Samsung Tablet Serial #R31D51F3ECB;
7. Apple iPhone IMEI #579C-E3946A;
8. Motorola Cell Phone #356918022571189;
9. Samsung Cell Phone SGH-I337;
10. Pantech Cell Phone P6010;
11. Dell Laptop Serial #8ZYQPR1;
12. Apple iPhone Serial #C6KQC117GRXQ;
13. Toshiba Laptop Serial #77457860k;
14. HP Laptop Serial #CNF9508YHG;
15. Samsung Phone IMEI #353920060649169;
16. MINIDV Tape;
17. Approximately 21 CD/DVDs.

On September 30, 2019, Movant, through his counsel, communicated to AUSA Mark Takla, counsel for Defendants, that he had a particular interest in the return of Toshiba Laptop Serial #77457860k, Apple Laptop Serial #C02J6HA2DRVC, and an Apple iPhone 6 Plus.[1] As Movant informed Defendants through their counsels, these three items were of particular regular and consistent use by Movant. However, all of the devices held by Defendants contain photos, documents, and or other files which Movant has an interest in.

The continued retention of these items without a warrant, a retention order, or other legal authority harms Movant's interest in his property. Moreover, there is no claim from Defendants that the original search warrant authorized the seizure of any items or documents pertaining to Movant. Rather, as Defendants state in their opposition, the original warrant targeted communications and other documents related to three individuals, Movant's son and two people unrelated to Movant. (Government's Opposition to Movant's Motion to Return Property ("Opposition"), at 2.) Therefore, Movant asks this Court to order Defendants to return his property.

## II. This Court Should Exercise Its Equitable Jurisdiction to Reach the Merits of Movant's Motion

Defendants concede that there are no pending criminal charges related to the property Defendants continue to hold. It is well established that, civil courts may

---

[1] Because of the lack of detailed description of the items, Movant cannot definitely identify which of the two iPhones Defendants continue to hold that he was the primary user of.

establish jurisdiction over Rule 41(g) motions where no criminal proceedings are pending, through treating the motion as a civil equitable proceeding. *United States Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1172 (9th Cir. 2010). Defendants correctly note that the Ninth Circuit has established four factors for courts to consider when determining whether to exercise its equitable jurisdiction over such a motion, namely:

1. whether the government displayed a callous disregard for the constitutional rights of the movant;
2. whether the movant has an individual interest in and need for the property he wants returned;
3. whether the movant would be irreparably injured by denying return of the property; and
4. whether the movant has an adequate remedy at law for the redress of his grievance.

*Ramsden v. United States*, 2 F.3d 322, 325 (9th Cir. 1991). Here, the factors weigh in favor of exercising equitable jurisdiction.

1. <u>Defendants' Have Shown A Callous Disregard for Movant's Constitutional Rights</u>

Defendants' continued retention of Movant's Property constitutes a callous disregard of his rights. While the government did obtain initial valid warrants in order to acquire Movant's property, those warrants have expired, and the government has

continued to hold Movant's property for over two years, in violation of the terms of the search warrants. This violation of the search warrants, through disregard of the time constraints, constitutes callous disregard as Defendants continue to hold a large number of Movant's electronic items, which prejudices Movant.

Moreover, while "callous disregard" requires more than a "mere violation," Courts have looked to whether "the Government sought to comply with the [warrant] terms in good faith." *Burum v. United States*, WL 12596719 at *4 (C.D. Cal. 2014). Here, the government filed an application for extension, which was denied by United States Magistrate Judge Honorable Kenly K. Kato on August 22, 2019. (Opposition at 3.) This provides an understanding that the Defendants no longer have the proper legal authority to continue holding these items. Moreover, Defendants claim that they have not searched the seized devices after March 17, 2018, however, they provide no evidence nor declarations that searches have stopped.  (Opposition at *Id*.) Therefore, Movant is without a guarantee that the information, which Defendants continue to hold despite the rejection of their application for a warrant extension, is not being subjected to further searches.

Given this lack of legal authority to continue to hold Movant's items, Defendants' refusal to release Movant's items back to him do not constitute a good faith effort to comply with warrant terms. Thus, Defendants' continued retention of Movant's property constitute a callous disregard of his rights and this factor weighs in favor of the Court exercising equitable jurisdiction.

5
REPLY TO GOVERNMENT'S OPPOSITION TO MOTION FOR THE RETURN OF PROPERTY

2. <u>Movant Has a Strong Interest in and Need for the Property</u>

With regards to the second factor, Movant does have an interest in and need for the seized property. Courts have typically regarded this factor as a low barrier, finding it met through a showing that the property is "necessary" to movant. *Ramsden*, 2 F.3d at 325. Here Movant's interest derives from his daily use of the seized items, access to his personal irreplaceable photos and other memories stored therein, and his and his family's privacy interests related to the photos and other documents contained on the devices.

While Defendants seek to argue that Movant has not established which devices belong to him, this cannot be used to deny the return of items taken from Movant's home. (Opposition at 8). Here, Defendants' actions are the reason Movant cannot specifically identify the seized items. Defendants' raid of Movant's property resulted in mess and confusion throughout Movant's home. Moreover, Defendants' removed items from all parts of Movant's home, without identifying notes which would allow Movant to determine which of the sparsely labeled items he was the primary user of. Nonetheless, on September 30, 2019, Movant identified three items which he was the primary user of: the Toshiba Laptop Serial #77457860k, Apple Laptop Serial #C02J6HA2DRVC, and an Apple iPhone 6 Plus. Despite making this information available to Defendants, Defendants have refused to turn over any additional items. Importantly, however, Movant maintains an interest in all the items Defendants continue to hold, regardless of who the primary user of the device was. According to

Plaintiff, each item contains shared files including important personal documents and/or valued personal pictures related to family memories. These have a particular significance and worth to Movant, and he has been denied his interest in these through the continued confiscation of the devices.

The Ninth Circuit Court of Appeals has specifically noted that "[41(g)] nowhere speaks of an ownership interest; rather, by its plain terms, it authorizes anyone aggrieved by a deprivation of property to seek its return." *Comprehensive Drug Testing*, 621 F.3d at 1173. Thus, Defendants' assertion that Movant does not have appropriate interest in the property because he has not shown direct ownership does not preclude the Court from finding jurisdiction over the motion. Here, Movant has specifically been deprived of his property, including through the denial of files and other documents he has an interest in which are located on the seized devices.

Importantly, Movant and his family are practicing Muslims. In keeping with their faith, Movant's wife and daughter-in-law maintain a *hijab*, or headscarf, while in the presence of men outside of their immediate family. The seized devices contain numerous photos of the women without their *hijabs* on, which compromise their practice of their religion and their inherent privacy rights. Thus, Movant and his family's ability to maintain their religious practices is prejudiced by the continued holding of the devices and the files stored therein.

For all of these reasons, Movant has an interest in and need of the items taken from his property, which Defendants continue to hold.

3. <u>Movant Has Suffered Irreparable Injury</u>

Movant suffers an irreparable injury through the continued seizure of his property as the loss of these items bears a considerable financial cost to Movant. Moreover, these items contain unique and irreplaceable files, photos, and other significant documents. The injury here is distinguishable from other cases where no irreparable injury was found in that Defendants have not provided Movant with any copies of the files on the seized items, the seized items have considerable monetary value, and the continued hold of the devices with personal files and photos constitutes an invasion of Movant's and his family's privacy and their ability to freely practice their religion. Thus, this factor also weighs in favor of the court exercising its equitable jurisdiction.

4. <u>Adequate Remedy at Law</u>

Here Defendants agree with Movant, the Movant's remedy at law is inadequate. (Opposition at 8). Thus, the fourth factor also weighs in favor of Movant.

In sum, the factors favorably weigh towards the Movant, and the Court should exercise its equitable jurisdiction and entertain Movant's Rule 41(g) motion for return of property.

**III.   <u>Movant is Entitled to Relief</u>**

According to Ninth Circuit precedent:

> Rule 41(g) permits a court to order the return of seized property: (1) when the governmental interest in possession of the property is outweighed by the legitimate interests of the individuals aggrieved by the seizure, even if that seizure was lawful; or (2) when the government

engaged in intentional wrongdoing in seizing the material. *Burum* WL 12596719 at *3.

Here, Movant's legitimate interests in his property and privacy are aggrieved by the seizure, which outweigh the government's interest in possession of the property. As previously discussed, Defendants continue to hold Movant's property without appropriate legal authority. Significantly, Defendants were denied a warrant extension, which would have conveyed the appropriate authority, by Magistrate Judge Honorable Kenly K. Kato on August 22, 2019. While Magistrate Judge Kato determined that Defendants' interest in the property does not justify a warrant extension, Movant on the other hand, continues to have strong legitimate interests in having his property returned. Movant suffers three injuries caused by the continued retention of his electronic devices. The first is the loss of the devices themselves, and their financial worth. Secondly, he and his family suffer from being deprived of the photos and other files stored on the devices, some of which they have no copies of and thus no access to. Thirdly, Movant and his family suffer from the loss of privacy that Defendants' continued retention of the devices, and Movant's personal files, comprises. This loss of privacy further impacts Movant's and Movant's family's ability to freely practice their religion, Islam.  As discussed in Section II. 2 above, the devices contain pictures of Movant's family where they are not dressed in accordance with their religious beliefs regarding how they should appear to non-family members. Therefore, the governmental interest in possession of the property is outweighed by

Movant's legitimate interests, which were aggrieved by the seizure. Thus, the Court should order the return of Movant's seized property.

## IV. Conclusion

The factors enumerated in Ramsden weigh in Movant's favor and the Court should exercise its equitable jurisdiction to consider Movant's motion for the return of property under Federal Rule of Criminal Procedure 41(g). Moreover, given Movant's substantial interest in his property, and the government's intentional wrongdoing in continuing to hold it without any legal authority, the Court should grant Movant's motion and restore his property to him.

Dated:   10/07/2019
[Anaheim, California]

Respectfully submitted,

COUNCIL ON AMERICAN-ISLAMIC RELATIONS, CALIFORNIA (CAIR-CA)

By:   /S/ Patricia Shnell
PATRICIA SHNELL
Pshnell@cair.com
2180 W. Crescent Ave. Ste. F
Anaheim, CA 92801
714-776-1177

Attorney for Movant