JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES—GENERAL

| Case No. | **EDCV 19-1009 JGB (KKx)** | Date | October 11, 2019 |
|---|---|---|---|
| Title | *Mohamed Gibani v. William P. Barr, et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Movant(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order (1) DENYING Movant's Motion for Return of Property (Dkt. No. 1); and (2) VACATING the October 21, 2019 hearing. (IN CHAMBERS)

Before the Court is Movant Mohamed Gibani's Motion for the Return of Property Pursuant to Federal Rule of Criminal Procedure 41(g). ("Motion," Dkt. No. 1.) The Court determines this matter is appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering all papers filed in support of and in opposition to the Motion, the Court DENIES the Motion. The October 21, 2019 hearing is vacated.

## I.   BACKGROUND

On March 22, 2017, pursuant to a valid search warrant, the FBI searched a rental property occupied by Movant and seized dozens of electronic items pursuant to a valid warrant. (Motion at 2.) The warrant allowed the FBI to retain the seized items for up to 180 days to complete its search of them. (Id.) A court granted a 180-day extension of the warrant, which expired on March 17, 2018. (Id.) On May 31, 2019, Movant filed the Motion, at which time the Department of Justice continued to possess at least twenty-eight seized items. (Id.)

On August 20, 2019, the FBI returned approximately nine items to Movant. (See Dkt. No. 26 at 2-3.) On August 22, 2019, the Government filed an application for a second extension of the warrant (which had expired nearly a year and a half prior.) (Id. at 5.) Magistrate Judge Kenly Kiya Kato denied the application. (Id.) On September 17, 2019, Respondents William P. Barr, Christopher Wray, Nicola T. Harris, Patrick R. Fitzgerald, and Mark Takla filed their

Opposition to the Motion. (Dkt. No. 22.) Movant replied on October 7, 2019. ("Reply," Dkt. No. 26.)

## II.   LEGAL STANDARD

Rule 41(g) of the Federal Rules of Criminal Procedure provides, in pertinent part, that "[a] person aggrieved . . . by the deprivation of property may move for the property's return. If [the court] grants the motion, [it] must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings." Ladele v. U.S., 2010 WL 476957, at *3 (C.D. Cal. Feb. 2, 2010) (citing Fed. R. Crim. Proc. 41(g)). Although Rule 41(g) is ordinarily used to seek return of property after an indictment is issued, "district courts have the power to entertain motions to return property seized by the government when there are no criminal proceedings pending against the movant." Ramsden v. United States, 2 F.3d 322, 324 (9th Cir.1993) (construing former Rule 41(e)). "These motions are treated as civil equitable proceedings, and, therefore, a district court must exercise 'caution and restraint' before assuming jurisdiction." Id.

"[B]efore a district court can reach the merits of a pre-indictment [Rule 41(g) ] motion," the district court must consider whether: (1) "the Government displayed a callous disregard for the constitutional rights of the movant"; (2) "the movant has an individual interest in and need for the property he wants returned"; (3) "the movant would be irreparably injured by denying return of the property"; and (4) "the movant has an adequate remedy at law for the redress of his grievance." Id. at 324–25 (citing Richey v. Smith, 515 F.2d 1239, 1243–44 (5th Cir.1975)). If the "balance of equities tilts in favor of reaching the merits" of the Rule 41(g) motion, the district court should exercise its equitable jurisdiction to entertain the motion. Ramsden, 2 F.3d at 326.

A defendant's Rule 41(g) motion for return of property, however, may be denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture, or the government's need for the property as evidence continues. Id. (citing United States v. Gotti, 244 F. Supp. 2d 120, 125 (E.D.N.Y. 2003)). To demonstrate a legitimate reason to retain the items, the government may show a cognizable claim of ownership or right to possession that is adverse to that of the movant. See id. (citing Mills, 991 F.2d at 612).

## III.   DISCUSSION

**A. The Court's Discretion to Address the Motion**

Before turning to the merits, the Court must determine whether to exercise its equitable discretion to decide the Motion at all. See Ramsden, 2 F.3d at 324. Here, all four equitable Ramsden factors weigh in favor of exercising discretion. First, the Government demonstrated "a callous disregard" for Movant's constitutional rights when it kept Movant's property for over a year and a half after its warrant to search that property had expired. Although the Government was aware of its obligation to have a warrant and the procedure to obtain one, it failed to do so. Additionally, at least nine of these items were of no interest to the Government—which it

indicated when it returned the items to Movant on August 20, 2019, before it sought another extension on the warrant.  (See Reply at 2.)   Presumably the Government determined these items contained no evidence before March 17, 2018, when the warrant expired and the Government was obligated to stop searching them.  By failing to return the items for over a year and a half after that, the Government displayed a total disregard for Movant's property rights.

Second, the Court concludes that Movant has an interest in and need for the confiscated property: the items that were taken are valuable electronics, which Movant previously used daily and contain "personal irreplaceable photos and other memories." (Motion at 6.)  Third, because these electronic devices contain items of personal value, the Court determines that Movant will suffer irreparable injury if they are not returned.  And finally, as the Government concedes, Movant's remedy at law is inadequate. (Reply at 8.)  Accordingly, the equitable factors weigh in favor of entertaining the Motion.

### B.  Rule 41(g)

A court may deny a Rule 41(g) motion where the government's need for the property as evidence continues.  Ramsden, 2 F.3d at 326.  Here, the Government retains possession of seventeen items that were seized from Movant in March of 2017. (Reply at 2.)  The government, in its sealed and in camera submissions, presents evidence that every one of those items contains information pertaining to an ongoing investigation.  Return of the items to the Movant could compromise the Government's and any future defendant's ability to authenticate the evidence on those devices.  Accordingly, the Court determines that the government's need for the evidence continues and therefore DENIES the Motion.

### IV.   CONCLUSION

For the reasons above, the Court DENIES Movant's Motion.  The October 21, 2019 hearing is VACATED.

**IT IS SO ORDERED.**